UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WILHELMUS BURGERS                                    CIVIL ACTION

VERSUS                                               No. 12-2009

CHAPPAPEELA DEVELOPMENT                              SECTION: "A" (1)
CORP., *et al.*

## ORDER AND REASONS

Before the Court is <u>Defendant Kenneth W. Bickford and William H. Hindman, Jr.'s Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6)</u> filed by Defendants Kenneth W. Bickford and William D. Hindman, Jr. (Rec. Doc. 5). Plaintiff Wilhelmus Burgers opposes the motion. (Rec. Doc. 12). The motion, scheduled for submission on January 30, 2013, is before the Court on the briefs without oral argument.

Plaintiff filed this lawsuit alleging breach of contract, unjust enrichment, and violations of the Louisiana Unfair Trade Practices Act, La. R.S. 51:1405, *et seq*. Additionally, due to Defendants' alleged material misrepresentations and fraudulent inducement in violation of La. C.C. Arts. 1953–58, Plaintiff seeks to rescind the obligations he undertook as described in certain promissory notes and contractual agreements. Plaintiff filed this action in federal court alleging diversity jurisdiction.  Plaintiff states that he is a citizen of a foreign state and is not a permanent resident of the United States.  Plaintiff alleges that all of the individual Defendants are United States citizens domiciled in the State of Louisiana, that all of the business entity Defendants are incorporated or organized in the State of Louisiana with their principal places of business in the State of Louisiana, and that the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

Via the instant motion, Defendants Kenneth W. Bickford and William D. Hindman, Jr.

1

move the Court to dismiss them individually from this lawsuit for failure to state a claim against them upon which relief can be granted. For the following reasons this motion is **DENIED**.

I.   **BACKGROUND**

Plaintiff alleges that at some point in 2007, Defendants Kenneth W. Bickford ("Bickford") and William D. Hindman, Jr. ("Hindman") approached him seeking loans to finance the construction of a new mixed-use, residential development project in the City of Hammond, Louisiana. ("Project") (Rec. Doc. 1 at 4). Plaintiff alleges that Bickford, Hindman, and another party–Bernard Mason[1]–informed Plaintiff that Bickford, and members of Bickford's immediate family, owned the land upon which the Project would be constructed, and that Hindman and Mason were experienced real estate developers who would personally manage the Project. (*Id.* at 5). Plaintiff claims that he met with Bickford, Hindman, and Mason numerous times throughout 2008 and 2009 to discuss the Project; and that on July 4, 2009, Bickford, Hindman, and Mason presented him with "an impressive written document" outlining the plan to develop the Project. ("Business Plan") (*Ibid.*). Plaintiff understood the Project would be developed in several phases, including an "Organizational Phase" to be completed in fifteen (15) months at a cost not to exceed $500,000.00. (*Id.* at 6–7). Following this "Organizational Phase", actual construction was to begin during "Phase I" of the Project at an anticipated cost of $1,300,000.00 as detailed in the Business Plan. (*Id.* at 8). Plaintiff alleges that Bickford, Hindman, and Mason sought a total loan contribution from him of $900,000.00, representing the full cost of the "Organizational Phase" and a portion of "Phase I" of the Project. (*Ibid.*). Plaintiff further alleges that the contracting parties agreed the $900,000.00 loan

---

[1]Plaintiff also named Bernard Mason as a Defendant in his complaint. Bernard Mason has since been dismissed from this action. (*See* Rec. Doc. 17).

from Plaintiff would be divided and separately allocated to three (3) limited liability companies[2]–controlled by Bickford and his immediate family members–that possessed title to the 21.41 acres of land upon which the Project would be developed. (*Ibid.*). Plaintiff claims that these three (3) limited liability companies, in turn, were to transfer title to the subject land to Defendant Chappapeela Development Corporation[3] upon execution of Plaintiff's loans. (*Ibid.*). Ostensibly, the Chappapeela Development Corporation was established as a corporate vehicle facilitating development of the Project.

The parties agreed that Plaintiff's loans would be issued interest-free. (*Ibid.*). In consideration of these loans however, Plaintiff was to receive a twenty-five percent (25%) share of the net-income realized from "Phase I" of the Project, ownership of one (1) residential lot in "Phase II" of project, and naming-rights to a street inside the Project. (*Id.* at 8–9). Plaintiff alleges that his loans were secured by a first-lien mortgage on the 21.41 acres of land underlying the Project, and a security interest in the profits and assets of the entire Project. (*Id.* at 9).

In conformity with the aforementioned factual allegations, Plaintiff executed three (3) promissory notes in favor of Defendants NOKWB, LLC; NOCAB LLC; and NODAB LLC. (*Ibid.*). Plaintiff states that a "Master Agreement, Development and Term Loan Agreement" executed by Plaintiff and Defendants NOKWB, LLC; NOCAB LLC; and NODAB LLC was incorporated into the promissory notes. ("Master Agreement") (*Id.* at 10).

Plaintiff claims that as of November 2010, he had disbursed $384,000.00 to the Project and that Defendants Bickford and Hindman repeatedly assured him that the Project was progressing as

---

[2]The three (3) limited liability companies named in Plaintiff's complaint are: NOKWB, LLC; NOCAB LLC; and NODAB LLC.

[3]Plaintiff alleges that Defendant Chappapeela Development Corp. was controlled by Bickford and was to act as agent for NOKWB, LLC; NOCAB LLC; and NODAB LLC in all matters pertaining to the Project.

planned. (*Id.* at 15). Plaintiff alleges that in August 2011, Plaintiff met with Bickford to discuss the Project and to examine the books and accounts of record related to the Project. (*Id.* at 16). Plaintiff claims that Bickford however, denied Plaintiff access to these documents because Plaintiff's request for examination was not made in writing as purportedly required. (*Ibid.*). Plaintiff alleges that on April 17, 2012, Defendants finally produced copies of the records to which he requested access, and that these records evidenced misappropriation of the Project's assets–including the funds Plaintiff loaned for the Project. (*Id.* at 16–17). Plaintiff claims that Defendants' actions therein directly contradicted prior verbal representations made to him, and the terms of the promissory notes, Master Agreement, and Business Plan that he relied upon in contributing funds to the Project. (*Id.* at 16–20).

On August 3, 2012, Plaintiff filed this lawsuit alleging breach of contract, unjust enrichment, and violations of the Louisiana Unfair Trade Practices Act, La. R.S. 51:1405, *et seq*. Additionally, due to Defendants' alleged material misrepresentations and fraudulent inducement in violation of La. C.C. Arts. 1953–58, Plaintiff seeks to rescind the obligations he undertook as described in the aforementioned promissory notes and contractual agreements.

On December 4, 2012, Defendants Chappapeela Development Corporation;  NOKWB, LLC; NOCAB LLC; NODAB LLC; and French Creek Development, LLC[4] filed a counterclaim alleging that Plaintiff's failure to fund the loans as promised caused them monetary damages totaling $1,148,243.00. (Rec. Doc. 10 at 2–3). These Defendants pray for judgment in the full amount of this alleged monetary loss, and judgment cancelling a note and mortgage held by Plaintiff. (*Id.* at 3).

By way of the instant 12(b)(6) motion to dismiss, Defendants Bickford and Hindman move

---

[4] Plaintiff alleges in his complaint that French Creek Development, LLC was solely controlled by Defendant William D. Hindman, Jr. before its charter was revoked on August 18, 2009. (Rec. Doc. 1 at 2). Defendant French Creek Devopment, LLC was evidently reinstated as of November 15, 2012. (*See* Rec. Doc. 5-2).

the Court to dismiss them because "all agreements governing the complained of transactions were entered into by plaintiff with various LLCs and not with either Mr. Hindman or Mr. Bickford personally." (Rec. Doc. 5-1 at 1). For the following reasons this motion is **DENIED**.

**II.    STANDARD OF REVIEW**

The Federal Rules of Civil Procedure allow a defendant to seek dismissal of a complaint based on a plaintiff's "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). "The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when all well-pleaded facts are assumed true and are viewed in the light most favorable to the plaintiff." *Shandong Yinguang Chemical Industries Joint Stock Co., Ltd. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010) (citing *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). "We construe facts in the light most favorable to the [plaintiff], as a motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)). Dismissal of an action is appropriate only if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). To satisfy this standard, the complaint must provide more than labels and conclusions, but it "need not contain detailed factual allegations." *Colony Ins. Co. v. Peachtree Constr., Ltd.*, 647 F.3d 248, 252 (5th Cir. 2011) (citing *Twombly*, 550 U.S. at 555). The complaint need only allege enough facts to move the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Determining whether the allegations of fact render the complaint plausible is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 664, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). "The plausibility standard is not

akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (*quoting Twombly*, 550 U.S. at 556).

### III.   ANALYSIS

Defendants Bickford and Hindman argue that because they were at all times acting in their capacities as members of NOKWB, LLC and French Creek Development, LLC respectively, Plaintiff has failed to state a claim against them upon which relief can be granted. (Rec. Doc. 5-1 at 2). Plaintiff responds to this motion arguing that Bickford and Hindman "acted in concert/collusion with or as undisclosed agents for these limited liability companies which renders Bickford and Hindman [personally] liable pursuant to Louisiana Civil Code Artcles 2324 and 2989."(Rec. Doc. 12 at 6). Plaintiff contends that "[e]ven if Bickford and Hindman were acting as employees of their solely owned entities at some point in time, La. C.C. Art. 2324 renders them personally liable in-solido [sic] with said entities for their own intentional acts." (*Ibid.*).  Plaintiff elaborates, arguing that because Bickford and Hindman fraudulently induced him into the aforesaid agreements by making material misrepresentations, they are thereby personally liable for these and other intentional acts. (*Id.* at 7). Plaintiff adds that, as detailed in his complaint and supported by documents produced by Defendants, a substantial portion of the funds disbursed by Plaintiff "were used to pay attorney's fees for personal matters of defendant, Bickford, and his immediate family members" and other "personal obligations and debts of defendant, Bickford, and his wife" in violation of the terms of the loan agreements. (Rec. Doc. 12 at 3 and 4). Plaintiff contends that Bickford's removal of funds from Plaintiff's loan distributions was committed with the "knowledge and authority" of Defendant Hindman, and that further discovery is required to determine whether Hindman assisted Bickford in removing these funds and concealing this removal from Plaintiff. (*Id.* at 4). Plaintiff further argues

that, as alleged in his complaint, Defendants "Bickford and Hindman (along with defendant Bernard Mason) paid themselves $150,000 from the plaintiff's loan disbursements without any legal or contractual authority to do so" thereby unjustly enriching themselves. (*Id.* at 11). Accordingly, Plaintiff contends that he has pleaded his allegations against these Defendants with sufficient plausibility to withstand the instant motion to dismiss. The Court agrees.

Louisiana Civil Code Article 2324(A) reads: "He who conspires with another person to commit an intentional or willful act is answerable, in solido, with that person, for the damage caused by such act." La. C.C. Art. 2324(A). Additionally, Louisiana Revised Statute 12:1320, pertaining to the liability of Limited Liability Companies, reads in part:

> D. *Nothing in this Chapter shall be construed as being in derogation of any rights which any person may by law have against a member, manager, employee, or agent of a limited liability company because of any fraud practiced upon him, because of any breach of professional duty or other negligent or wrongful act by such person*, or in derogation of any right which the limited liability company may have against any such person because of any fraud practiced upon it by him.

La. R.S. 12:1320(D) (emphasis added). As held by the Louisiana Court of Appeal, Second Circuit: "Section D clearly provides a cause of action against a member, manager, or employee of a limited liability company because of any breach of professional duty, as well as for any fraud or other negligent or wrongful act." *W.J. Spano Co., Inc. v. Mitchell*, 943 So.2d 1131, 1132–33 (La.App. 1 Cir. 2006.).

After a thorough review of the Plaintiff's complaint, the Court finds that Plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face" against Defendants Bickford and Hindman personally. *Twombly*, 550 U.S. at 570. Plaintiff has sufficiently pleaded that Bickford and Hindman made material misrepresentations that fraudulently induced him into undertaking significant contractual obligations. Plaintiff has also sufficiently pleaded that Bickford and Hindman misappropriated corporate assets for their personal benefit. As codified in Louisiana

7

Revised Statute 12:1320, the presence of a limited liability company in a contractual relationship will not insulate a member, manager, employee, or agent of the limited liability company, from the consequences of his or her own professionally deficient, negligent, wrongful, or fraudulent behavior.

Based on the plain wording of the Louisiana Revised Statute 12:1320, the allegations contained in Plaintiff's complaint, and the relevant standard of review employed by federal courts on Rule 12(b)(6) motions to dismiss, the Court finds the instant motion unavailing.

### IV.   CONCLUSION

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that <u>Defendant Kenneth W. Bickford and William H. Hindman, Jr.'s Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6)</u> (Rec. Doc. 5) filed by Defendants Kenneth W. Bickford and William D. Hindman, Jr. is **DENIED.**

June 24, 2013

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE