UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

WILHELMUS BURGERS                              CIVIL ACTION

VERSUS                                         NO: 12-2009

KENNETH W. BICKFORD, ET AL.                    SECTION: "A" (1)


                         ORDER AND REASONS

    Before the Court is a Motion for Summary Judgment (Rec. Doc. 78) filed by Defendants GJBF, LLC and GJBFUF, LLC. Plaintiff Wilhelmus Burgers opposes the motion. The motion, set for hearing on July 16, 2014, is before the Court on the briefs without oral argument.[1]  For the reasons that follow, the motion is **GRANTED IN PART** and **DENIED IN PART**.

**I. BACKGROUND**

    Plaintiff alleges that in 2007, Defendants Kenneth Bickford and William Hindman approached him seeking loans to finance the construction of a mixed-use residential development project in Tangipahoa Parish. Plaintiff alleges that Bickford and Hindman informed Plaintiff that Bickford and members of Bickford's immediate family owned the land upon which the project would be constructed and that Hindman was an experienced real estate developer who would manage the project.

---

    [1]The Court notes Defendants' request for oral argument; however, the Court has determined that oral argument is not necessary in light of the issues presented.

In 2009, Plaintiff entered into a formal agreement to fund the construction of the project.  Plaintiff alleges that the contracting parties agreed that Plaintiff's loan would be divided and separately allocated to three limited liability companies, controlled by Kenneth Bickford and his two brothers, that possessed title to the 21.4 acres of land upon which the project would be constructed.[2]  Plaintiff claims that these three limited liability companies, in turn, were to transfer title to the subject land to Defendant Chappapeela Development Corporation upon execution of Plaintiff's loans.  Ostensibly, the Chappapeela Development Corporation was established as a corporate vehicle facilitating development of the Project.

In conformity with the aforementioned factual allegations, Plaintiff executed three promissory notes in favor of Defendants NOKWB, LLC; NOCAB LLC; and NODAB LLC.  Plaintiff states that a "Master Agreement, Development and Term Loan Agreement" executed by Plaintiff and Defendants NOKWB, LLC; NOCAB LLC; and NODAB LLC was incorporated into the promissory notes.

Plaintiff claims that as of November 2010, he had disbursed $384,000.00 to the project and was repeatedly assured that the project was progressing as planned.  However, Plaintiff alleges that his review of the project's records in April 2012 revealed

---

[2]The three limited liability companies named in Plaintiff's complaint are: NOKWB, LLC; NOCAB LLC; and NODAB LLC.

misappropriation of the project's assets, including the funds he loaned for the project. Plaintiff claims that Defendants' actions therein directly contradicted prior verbal representations made to him, as well as the formal documents and agreements he had relied upon in contributing funds to the project.

On August 3, 2012, Plaintiff filed suit against Hindman, Kenneth Bickford, the three Bickford brothers' LLCs that owned the 21.4 acre plot, as well as various legal entities formed to begin development of the property. Plaintiff alleges causes of action for breach of contract, unjust enrichment, and violations of the Louisiana Unfair Trade Practices Act ("LUTPA"). The sole basis of this Court's jurisdiction over all the claims is diversity jurisdiction.

On June 26, 2013, by amended complaint, Plaintiff joined GJFB, LLC and GJFBUF, LLC as Defendants, alleging causes of action against these parties for unjust enrichment and violations of LUTPA. Plaintiff also brought a revocatory action seeking rescission of the cancellation of options to purchase certain land adjacent to the 21.4 acre plot. Furthermore, Plaintiff filed a Notice of Pendency of Action in Tangipahoa Parish covering certain land adjacent to the 21.4 acre plot. This notice was the subject of the counterclaim brought by GJFB, LLC and GJFBUF, LLC.

Defendants GJBF, LLC and GJBFUF, LLC are limited liability companies whose membership is solely comprised of Jane Bickford, the

mother of Kenneth Bickford and the other Bickford brothers. GJBF, LLC owns a one-half undivided interest in the roughly 700 acres of land adjacent to the 21.4 acre plot. GJBFUF, LLC possesses a usufruct over the one-half interest in the 700 acres, over which the three Bickford brothers' LLCs each have one-sixth undivided interests.

In the instant motion, Defendants GJBF, LLC and GJBFUF, LLC move for Summary Judgment on all of Plaintiff's claims for affirmative relief against them, as well as for Partial Summary Judgment on their counterclaim, ordering Plaintiff to withdraw the Notice of Lis Pendens filed against their property.

## II. APPLICABLE LAW

Summary judgment is appropriate only if, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact."[3] A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[4] Once the moving party has initially shown "that there is an absence of evidence to support the

---

[3] *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (*citing Anderson v. Liberty Lobby, Inc.*, 447 U.S. 242, 249-50 (1986)).

[4] *Id.* (*citing Anderson*, 477 U.S. at 255).

non-moving party's cause,"[5] the non-movant must come forward with "specific facts" showing a genuine factual issue for trial.[6] Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial.[7]

## III. DISCUSSION

### a. Standing to Bring Claim under LUTPA

Defendants GJBF, LLC and GJBFUF, LLC seek summary judgment on Plaintiff's LUTPA claims. Defendants cite Fifth Circuit case law[8] in which the Court held that LUTPA only provides protection to consumers and business competitors. Defendants argue that since Plaintiff is neither an individual consumer nor a business competitor, he lacks standing to bring LUTPA claims. In opposition, Plaintiff argues that Defendants' standing argument is based on outdated law, citing *Cheramie Services, Inc. v. Shell Deepwater Production, Inc.*, 35 So. 3d 1053 (La. 2010).

In *Cheramie*, three justices held that LUTPA standing is not limited to direct consumers and competitors. This decision, which

---

[5] *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

[6] *Id.* (*citing* Fed. R. Civ. P 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)).

[7] *Id.* (*citing SEC v. Recile*, 10 F.3d 1093, 1097 (1993)).

[8] See, e.g., *Tubos de Acero de Mexico, S.A. v. Am. Int'l Invest. Corp.*, 292 F.3d 471 (5th Cir. 2002).

would clearly give Plaintiff standing to sue under LUTPA, was a plurality opinion but courts have followed it.[9]

Defendants argue that *Cheramie* is not binding because it did not command a majority. The Court does not agree with Defendants' suggestion that this Court must simply ignore *Cheramie* in light of its plurality status and default to older Fifth Circuit law on the issue. Defendants' position ignores the bedrock principles of *Erie v. Tompkins*, 304 U.S. 64 (1938), which require a federal court sitting in diversity to apply the law of the state as declared by its legislature or the state's highest court. Thus, for a federal court the proper inquiry is not whether *Cheramie* is controlling authority in light of its plurality status but rather how the decision factors into the *Erie* "guess" that this Court must make when applying state law. In the realm of *Erie*, *Cheramie* is not irrelevant even if the state's lower courts would consider it non-binding.

In light of *Cheramie*, the Court finds that Plaintiff has standing to bring his LUTPA claims. The Court declines to address the merits of Plaintiff's LUTPA claims against Defendants, as that issue was not raised in Defendants' original motion and has not been fully briefed. The motion for summary judgment is DENIED as to Plaintiff's LUTPA claims.

---

[9]See, e.g, *Inflatable Zoo, Inc. v. About to Bounce, LLC*, No. 12-1709, 2013 WL 1558264 (E.D. La. Apr. 11, 2013) (Feldman, J.); *Harp v. Autrey*, 121 So. 3d 1260 (La. App. 2nd Cir. 2013).

### b. Unjust Enrichment Claims

Defendants GJBF, LLC and GJBFUF, LLC seek summary judgment on Plaintiff's unjust enrichment claims. Defendants argue that under Louisiana law, the mere fact that Plaintiff has asserted causes of action against them in addition to his unjust enrichment claims precludes Plaintiff from asserting an unjust enrichment cause of action.

Louisiana Civil Code Article 2298 provides that an unjust enrichment claim "is subsidiary and shall not be available if the law provides another remedy for the impoverishment or declares a contrary rule."[10] An unjust enrichment claim is only applicable to fill a gap in the law where no express remedy is provided.[11] Further, "[t]he mere fact that a plaintiff does not successfully pursue another available remedy does not give the plaintiff the right to recover under the theory of unjust enrichment."[12]

Plaintiff has not alleged that he is without any other remedy at law, but rather has alleged a cause of action under LUTPA. Since Plaintiff is seeking remedies for his loss under other causes of action, he is precluded from asserting claims for unjust

---

[10] La. Civ. Code Ann. art. 2298.

[11] *Ames v. Ohle*, 97 So. 3d 386, 392 (La. App. 4th Cir. 2012) (citing *Dugas v. Thompson*, 71 So. 3d 1059, 1068 (La. App. 4th Cir. 2011)).

[12] *Walters v. MedSouth Record Mgmt., LLC*, 38 So. 3d 241, 242 (La. 2010).

7

enrichment.[13]  As a result, Defendants' motion is GRANTED as to Plaintiff's unjust enrichment claims.

### c. Revocatory Action

Defendants GJBF, LLC and GJBFUF, LLC seek summary judgment on Plaintiff's revocatory action. At the time Plaintiff agreed to contribute his funds to the project, Defendants presented him with three separate options to purchase the land adjacent to the 21.4 acre plot on which the development was to take place. These options were issued by GJBF, LLC and GJBUF, LLC to the Bickford brothers' LLCs. Days before Plaintiff filed this lawsuit, Defendants executed a partial cancellation of these options to purchase, which Plaintiff's revocatory action seeks to rescind.

Plaintiff claims that the options to purchase were presented to him as an inducement for him to invest in the residential development. According to Plaintiff, the options were contributions to the project by the Bickford family and were absolutely necessary for the project to expand and become profitable in the long run. Plaintiff alleges that the cancellation of the options was "in an effort to avoid or limit payment of an ultimate Judgment in this case and/or increase the insolvency of the defendants."[14]

Plaintiff's revocatory action is brought pursuant to Louisiana

---

[13] See *Marseilles Homeowners Condo. Ass'n, Inc. v. Broadmoor*, LLC, 111 So. 3d 1099, 1105-06 (La. App. 4th Cir. 2013).

[14] Rec. Doc. 31, at ¶ 66(f).

Civil Code Article 2036, which provides that in a revocatory action, the plaintiff must show that the alleged fraudulent act of the defendant (1) occurred after their agreement was made and (2) that the action caused or increased the defendant's insolvency.[15]

Defendants argue that Plaintiff cannot satisfy the second element, since Defendants are not insolvent. Defendants argue that the Bickford brothers' LLCs have ownership interests in the property at issue which are sufficient to return the $384,000.00 plus interest should Plaintiff be successful at trial. However, as Plaintiff points out, he seeks damages in excess of the dollar value of his loan, including actual damages of the amounts he would have earned on the project if completed and treble damages under LUTPA.

A genuine issue of fact exists as to Defendants' solvency. As a result, Defendants' motion is DENIED as to Plaintiff's revocatory action.

### d. Lis Pendens

Defendants GJBF, LLC and GJBFUF, LLC seek partial summary judgment on their counterclaim against Plaintiff. Plaintiff has filed a Notice of Pendency of Action in Tangipahoa Parish covering the 21.4 acre plot, as well as the 704 acres of adjacent land. Defendants' counterclaim seeks to remove the Lis Pendens filed against the 704 acres only.

---

[15] La. Civ. Code Ann. art. 2036; *Traina v. Whitney Nat. Bank*, 109 F.3d 244, 246 (5th Cir. 1997).

Louisiana Code of Civil Procedure Article 3751 states the following:

> The pendency of an action or proceeding in any court, state or federal, in this state affecting the title to, or asserting a mortgage or privilege on, immovable property does not constitute notice to a third person not a party thereto unless a notice of the pendency of the action or proceeding is made, and filed or recorded, as required by Article 3752.[16]

"The purpose of a notice of lis pendens is to give effective notice to third persons of the pendency of litigation affecting title to real property."[17]  "The notice of lis pendens is not concerned with the merits of the litigation which prompted its recordation."[18]

Defendants argue that Plaintiff's filing of the notice of lis pendens against the 704 acres was improper since Plaintiff has not been granted any interest in that land.  However, as previously discussed, Plaintiff's revocatory action seeks to reinstate an option to purchase the 704 acres, in favor of the Bickford brothers' LLCs.  Further, Plaintiff has cited to the loan agreement he entered into with the Bickford brothers' LLCs in which those companies grant Plaintiff a security interest and lien in all general intangibles of

---

[16] La. Code Civ. Proc. Ann. art. 3751.

[17] *United States v. Jefferson*, 632 F. Supp. 2d 608, 614 (E.D. La. 2009) (quoting *Whitney Nat'l Bank v. McCrossen*, 635 So.2d 401, 403 (La. App. 4th Cir. 1994)).

[18] *Whitney Nat'l Bank*, 635 So.2d at 403 (citing *Dane v. Doucet Bros. Const. Co., Inc.*, 396 So. 2d 418, 420 (La. Ct. App. 1981)).

the project, including all "contract rights" of the project. According to Plaintiff, the options to purchase were a key part of the project, giving the project the ability to expand beyond the original 21.4 acre plot.

The issue before the Court is whether Plaintiff's suit "affects title" to the 704 acres within the meaning of Article 3751. The Court finds that it does. As a result, the instant motion is DENIED as to Defendants' counterclaim.

## IV. CONCLUSION

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the Motion for Summary Judgment (Rec. Doc. 78) filed by Defendants GJBF, LLC and GJBFUF, LLC is **GRANTED IN PART** and **DENIED IN PART**. The motion is **GRANTED** insofar as Defendants GJBF, LLC and GJBFUF, LLC are entitled to summary judgment on Plaintiff's unjust enrichment claims. The motion is **DENIED** in all other respects.

August 22, 2014

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE